IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM HOLTZ, # B-29766, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-1344-JPG |
| ) | |
| MARC G. HODGE, C/O FISHER, ) | |
| COUNSELOR REIS, ) | |
| and DANIEL DOWNEN, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving two 17-year sentences and a 16-year sentence for three sexual assault convictions, as well as a six-year sentence for burglary. Plaintiff's claim arose when some of his property items came up missing after being placed in storage.

More specifically, Plaintiff claims that he was sent to punitive segregation on October 8, 2013. His Walkman and beard trimmers were in his property box when he was moved to the segregation cell (Doc. 1, p. 8). However, when he was released from segregation on November 8, 2013, and the property box was returned to him, these electronic items were missing. Defendant Fisher, who inventoried the property with Plaintiff, is in charge of the property department. Plaintiff asserts he is responsible for the safekeeping of the property box's contents.

After he discovered the loss of his property, Plaintiff filed grievances with Defendants Downen and Reis, but was not satisfied with their responses (Doc. 1, p. 7). He received no

response to the grievances he filed with the warden (Defendant Hodge).

Plaintiff left the "request for relief" section of the form complaint blank (Doc. 1, p. 9), but presumably is seeking replacement of, or reimbursement for his lost items.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal for failure to state a constitutional claim upon which relief may be granted.

The only constitutional right that might be implicated by the facts outlined in the complaint is Plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. However, to state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*. If the state provides an adequate remedy for the deprivation of property, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy).

The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995). Therefore, Plaintiff must bring his claim in that forum if he wishes to pursue it further. He cannot maintain a civil rights action in this Court for the loss, theft, or deprivation of his property while he was in segregation at Lawrence.

**Pending Motions**

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) shall be addressed in a separate order, after Plaintiff provides his Trust Fund Account information as ordered in Doc. 5.

Plaintiff's motion for recruitment of counsel (Doc. 3) is **DENIED AS MOOT.**

**Disposition**

For the reasons stated above, this civil rights action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. This dismissal shall not preclude Plaintiff from seeking redress in the Illinois Court of Claims, should he wish to do so.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: January 21, 2014**

*s/J. Phil Gilbert*
United States District Judge
